A92A0130. BETHCO, INC. et al. v. CINEMA 'N' DRAFTHOUSE INTERNATIONAL, INC. et al.
(418 SE2d 467)

POPE, Judge.

In 1983 plaintiff Bethco, Inc., a Kentucky corporation, entered into a franchise agreement with Cinema 'N' Drafthouse, Inc., a Florida corporation ("CDI-Florida"), for the operation of a theatre in the Louisville, Kentucky area. The agreement contained an assumption agreement whereby CDI-Florida agreed to assume the operation of the theatre upon certain terms and conditions. In 1986 Bethco and its owners filed suit in Kentucky against CDI-Florida and its owners, defendants James and John Duffy, alleging breach of the assumption agreement. The record shows the clerk of the Kentucky trial court issued summons against each of the Kentucky action defendants by mailing a copy to the Kentucky Secretary of State. Pursuant to the provisions of the Kentucky Long-Arm Statute, K. R. S. § 454.210 (3) (b), the Kentucky Secretary of State mailed copies of the summons and complaint by certified mail to each defendant at the address

given in the complaint.

The complaint provided a Roswell Road, Atlanta, Georgia address for each of the three defendants in the Kentucky action. The record shows, however, that CDI-Florida had notified Bethco approximately nine months before the suit was filed that its new address was at North Druid Hills Road in Atlanta and plaintiff Beth R. Welch, on behalf of Bethco, had corresponded with James Duffy at that address prior to the filing of the suit. The Kentucky Secretary of State issued a return of service to the clerk of the trial court indicating that an undelivered summons had been returned marked "Undelivered" for all three defendants. A subsequent attempt at service upon CDI-Florida was made to an address which had at one time been the address of CDI-Florida's registered agent in Florida but which, at the time the summons was mailed, was no longer the address of the registered agent. The Kentucky Secretary of State issued a return of service indicating the return receipt for this summons showed it had been received. According to the undisputed evidence, neither the Duffys nor CDI-Florida ever had actual notice that the complaint had been filed against them in Kentucky until after the default judgment was entered against them.

Once plaintiffs obtained a default judgment on the Kentucky action, a complaint was filed in Georgia against defendants John and James Duffy and Cinema 'N' Drafthouse, Inc., a Georgia corporation (hereinafter "CDI-Georgia"), to collect the judgment. The trial court denied plaintiffs' motion for summary judgment on the complaint and, on its own motion, granted judgment to defendants. Plaintiffs appeal.

1. Plaintiffs first argue the trial court erred in granting judgment to defendants since defendants filed no motion for judgment. Plaintiffs argue the judgment was tantamount to a grant of summary judgment on the court's own motion and they were denied their right, pursuant to OCGA § 9-11-56 (c), to have 30 days in which to respond to such a motion. Even though only plaintiffs moved for summary judgment, the motion addressed all the issues in the case, both plaintiffs' claims for relief and the defenses raised by defendants. Since the undisputed facts show defendants are entitled to judgment, the trial court did not err in awarding judgment to the non-moving party. See *Massey v. Consolidated Equities Corp.*, 120 Ga. App. 165 (1) (169 SE2d 672) (1969). For the reasons explained in Division 2 of this opinion, as a matter of law the foreign court lacked personal jurisdiction over the defendants to issue the default judgment. Consequently, the trial court did not err in granting summary judgment to defendants on the court's own motion. See *Signet Bank/Virginia v. Tillis*, 196 Ga. App. 433 (396 SE2d 54) (1990).

2. The remaining four enumerations of error relate to plaintiffs'

argument that issues of material facts remain regarding defendants' defenses, including the defense of insufficient service of summons in the Kentucky action, and the argument that the trial court erred in concluding that service in the Kentucky action was insufficient. We disagree.

A copy of the Kentucky Long-Arm Statute was properly submitted in the record. The statute, K. R. S. § 454.210 (3) (b), provides for substituted service upon a non-resident defendant by certified mail from the secretary of state to the defendant "at the address given in the complaint." It is unnecessary for this court to address the constitutionality of the Kentucky statute. Instead, we hold that service of the complaint in the Kentucky action was insufficient due to the acts of the plaintiffs in this case. The address given in the complaint was known by the plaintiffs not to be the current address of the defendants. Moreover, the Kentucky judgment was against CDI-Florida, while the Georgia action to collect the judgment was against CDI-Georgia. Defendants submitted evidence that the two corporations were separate and distinct and that CDI-Georgia had never assumed the contractual responsibilities of CDI-Florida. Even when plaintiffs provided a Florida address for CDI-Georgia, the address still was not that of the currently registered agent of CDI-Florida in that state.

"An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is *notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. . . .* [W]hen notice is a person's due, process which is a mere gesture is not due process. *The means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it.*" (Emphasis added.) *Mullane v. Central Hanover Bank & Trust Co.*, 339 U. S. 306, 314-315 (70 SC 652, 94 LE 865) (1950). Here, plaintiffs apparently had less desire to notify defendants of the pendency of the Kentucky action than they previously exhibited in directing routine correspondence to defendants at the proper address. We agree with the United States District Court in *Murphy v. Helena Rubinstein Co.*, 234 FSupp. 893 (D.C.N.J. 1964), in which it held that token compliance with a state statute for substituted service, when it is known and apparent that such service did not result in actual notice to the party, does not satisfy due process. "Moreover, the plaintiffs' post judgment conduct amply demonstrates the relatively simple manner in which defendants could have been notified of this suit. Plaintiffs had no difficulty in reaching the defendants in [Georgia] when they sought to perfect their judgments by collection." Id. at 896.

"A judgment founded upon a suit in which the court had no jurisdiction of the defendant is void. [Cit.] A judgment against a party

where there was no valid service upon him, and no waiver of service, is void. [Cits.]" *Foster v. Foster*, 207 Ga. 519, 522-523 (63 SE2d 318) (1951). Accord *Milner v. Gatlin*, 139 Ga. 109 (76 SE 860) (1912). "In the absence of personal jurisdiction over [defendants], the [Kentucky] default judgment . . . was void. [Cit.] The trial court correctly refused to domesticate the void judgment and properly granted summary judgment in favor of [defendants]." *Signet Bank/Virginia*, 196 Ga. App. at 436.

*Judgment affirmed. Carley, P. J., and Johnson, J., concur.*

DECIDED MAY 4, 1992.

*Andersen, Davidson & Tate, Thomas T. Tate, William M. Ray II, Larry C. Oldham*, for appellants.

*Kitchens, Kelley, Gaynes, Huprich & Shmerling, Don C. Huprich, William J. Berg*, for appellees.