## A01A1527. FLOYD v. GORE et al.
### (555 SE2d 170)

JOHNSON, Presiding Judge.

We granted G. William Floyd's application for discretionary review of the trial court's denial of his motion to set aside a judgment. For the reasons which follow, we reverse the judgment of the trial court.

Harold and Barbara Gore were majority stockholders in Acadia Manufacturing Corporation. In November 1986, Floyd loaned Acadia Manufacturing $250,000. Acadia Manufacturing executed a promissory note in favor of Floyd, and the Gores executed a guaranty, wherein they personally agreed to pay the note upon default. The guaranty was secured by a parcel of the Gores' real property located in Rabun County, Georgia.

By November 1987, the loan was in default. In 1989, Floyd sued the Gores on their guaranty in the State Court of Fulton County, seeking to satisfy the indebtedness. Floyd chose not to foreclose on the collateral at that time, but he did file a notice of lis pendens on the property. In August 1996, when no further action had been taken to prosecute Floyd's lawsuit against the Gores, the court dismissed his lawsuit for want of prosecution.

In May 1997, the Gores filed a petition in Rabun County Superior Court seeking to quiet title to the real property that had served as collateral for the loan guaranty. As part of the petition, the Gores moved to serve Floyd by publication pursuant to OCGA § 23-3-65 (b), alleging that Floyd's last known address was "Suite 300, Equitable Bank Building, 10320 Little Patuxent Parkway, Columbia, Maryland, 21044," and that "on information and belief," he can no longer be found at that address. The Rabun County court granted the motion and allowed service by publication. The Gores mailed the lawsuit to Floyd at the Equitable Bank Building office address shown in the guaranty document. The court clerk also attempted to serve Floyd with notice of the petition by certified mail at that address, but the notice was returned to sender. Floyd did not receive the petition or notice thereof and did not respond.

In September 1997, the Rabun County court entered an order acknowledging that the Fulton County court had dismissed Floyd's case for want of prosecution and that, because more than six months had passed without Floyd refiling the action, his suit against the

Gores was effectively dismissed with prejudice.[1] The Rabun County court found in favor of the Gores and ordered that Floyd's claim be removed as a cloud upon the Gores' title to the property.

Floyd learned of the dismissal and quiet title orders sometime in 1998.[2] In September 2000, he moved to set aside the quiet title order pursuant to OCGA § 9-11-60 (d). Floyd appeals from the trial court's denial of the motion.

On appeal, Floyd argues that the Rabun County Superior Court erred in denying his motion to set aside when, among other things, he was not properly served in the quiet title action. We agree with Floyd that he was not properly served and therefore reverse.

1. A fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties that the action is pending and to afford them an opportunity to present their objections.[3] In most circumstances, service must be made upon the defendant personally, or at his residence, or upon his agent.[4]

The Gores argue that the method of service used in this case, i.e., service by publication, was sufficient pursuant to OCGA § 23-3-65 (b). They add that personal service was not required here because this was an in rem, rather than an in personam, proceeding.[5] Regardless of whether the action is classified as in rem, quasi in rem, or in personam, service by publication was not authorized given the facts of this case.

OCGA § 23-3-65 (b), which applies to proceedings brought to remove a cloud upon title to land, provides:

> Process shall be served upon known persons whose residence is ascertainable by the sheriff or his deputy as provided by law. *In all cases where service by publication is permitted under the laws* and where the respondent or other party resides outside this state or whose residence is unknown *and it is necessary to perfect service upon such person by publication,* upon the fact being made to appear to

---

[1] See OCGA § 9-2-61.

[2] It is not clear from the record how or where Floyd received notice of the orders.

[3] *Bethco, Inc. v. Cinema 'N' Drafthouse Intl.,* 204 Ga. App. 143, 145 (2) (418 SE2d 467) (1992); see *Johnson v. Mayor &c. of Carrollton,* 249 Ga. 173, 175 (1) (288 SE2d 565) (1982).

[4] See generally former OCGA § 9-11-4 (d) (2), (7) (OCGA § 9-11-4 was amended effective July 1, 2000; the former version applies here).

[5] In an in rem or quasi in rem action, a judgment is limited to the property that supports jurisdiction and does not impose a personal liability on the property owner. See *Brown v. Rock,* 184 Ga. App. 699, 700 (2) (362 SE2d 480) (1987).

the judge . . . , the judge or clerk may order service to be perfected by publication.

(Emphasis supplied.)

Our first inquiry under OCGA § 23-3-65 (b) is whether service by publication is permitted under the laws of this State, given the situation presented here. We hold that it is not.

As our Supreme Court pointed out in *Abba Gana v. Abba Gana*,[6] *"regardless of whether a proceeding is in rem or in personam*, due process requires that a chosen method of service be reasonably certain to give actual notice of the pendency of a proceeding to those parties whose liberty or property interests may be adversely affected by the proceeding."[7]

The Court observed further that: "Because notice by publication is a notoriously unreliable means of actually informing interested parties about pending suits, the constitutional prerequisite for allowing such service when the addresses of those parties are unknown is a showing that reasonable diligence has been exercised in attempting to ascertain their whereabouts."[8]

The circumstances are different in each case, and no sweeping rule applies to all determinations of whether reasonable diligence has been exercised.[9] Our courts have a duty to determine whether the plaintiff has exercised due diligence in pursuing every available channel of information.[10] And, while the trial court first passes upon the legality of notice, the appellate courts must independently decide whether if, under the facts of the case, the search for the interested party was legally adequate.[11]

The facts of this case lead to the conclusion that the Gores' search for Floyd, if there was any search at all, was not legally adequate. In their motion to serve Floyd by publication, the Gores alleged only that it was their *belief* that Floyd could not be found at his last known address. They gave no basis for that belief and included no information suggesting that they even attempted to find Floyd.

Conversely, in support of his motion to set aside, Floyd presented an affidavit in which he testified that he relocated his office in December 1995, but that his home address has not changed in over 32 years. Floyd added that his home address has been listed in the Columbia, Maryland; Baltimore, Maryland; and Washington,

---

[6] 251 Ga. 340 (304 SE2d 909) (1983).

[7] (Emphasis supplied.) Id. at 343 (1); *Johnson*, supra.

[8] Id.

[9] *Abba Gana*, supra.

[10] Id.

[11] Id.; see *Pierce v. Pierce*, 270 Ga. 416, 417-418 (511 SE2d 157) (1999).

D.C., phone directories the entire time he has resided at that address. Floyd stated that he communicated with the Gores regularly from before November 1986, when he made the loan, until sometime after May 1989 and, in Floyd's opinion, the Gores knew he was a Columbia, Maryland, resident and also knew his attorney's name and where his attorney's office was located. Yet, the Gores did not inform Floyd or his attorney of the pending suit. Floyd's statements are not contradicted by the record.

Thus, it does not appear that an attempt to locate Floyd would have been impractical or fruitless, since there were obvious channels of information available to the Gores.[12] And despite the existence of these potential sources of information, the record does not show that the Gores made any reasonably diligent and honest efforts to find Floyd.

As recognized in *In the Interest of J. B.*,[13] "notice by publication in a local newspaper is virtually no notice at all to nonresidents and . . . 'process which is a mere gesture is not due process.'" Certainly, our courts have approved of notice by publication in a class of cases where it is not reasonably possible or practical to give more adequate warning.[14] The means employed must be such as one who desires to actually inform the absentee might reasonably adopt to accomplish that goal.[15] We are not convinced that this was one of those cases in which it was not possible or practical to give more adequate notice. Nor are we convinced that a plaintiff equipped with the channels of information available to the Gores, and who actually wanted to notify the defendant of the pending action, would have adopted the means of service used in this case. Here, service by publication did not meet the constitutional requirements of due process[16] and was not permitted under the law.

A second inquiry under OCGA § 23-3-65 (b) involves whether service by publication was necessary. As discussed above, the record reveals that reasonably available channels of information were open to the Gores, but that they apparently made no attempts to ascertain Floyd's location. Because service by publication was not shown to be necessary, it was not authorized by OCGA § 23-3-65 (b).

We are not persuaded by the Gores' contention that service by mail was sufficient based on a clause in the guaranty signed by the Gores. The Gores rely on the following provision: "All notices, demands, or requests provided for or permitted to be given pursuant

---

[12] See *Abba Gana,* supra at 344.
[13] 140 Ga. App. 668, 671 (231 SE2d 821) (1976).
[14] Id.
[15] *Bethco,* supra.
[16] See *Pierce,* supra.

to this Guaranty must be in writing and shall be deemed to have been properly given or served by personal delivery or by depositing in the United States Mail . . . and addressed to the addresses set forth below."

While a defendant may, in certain cases, waive service of process by written agreement,[17] there was no such waiver in this case. The clause at issue does not refer to actions brought in a court of law, only to notices, demands, or requests provided for in the guaranty. There is nothing in the guaranty which indicates that such "notices, demands, or requests" include service of a complaint and summons. Nor does the guaranty contain any express language that Floyd agrees to accept service of legal process by mail.[18] The law will not infer the waiver of an important right unless the waiver is clear and unmistakable.[19] The provision at issue does not express a clear, unmistakable intent to waive personal service of legal process.[20] The attempted service upon Floyd by mail in this case was inadequate to confer jurisdiction.

Therefore, the trial court erred in denying Floyd's motion to set aside the judgment quieting title.

2. In light of our holding that the trial court erred in denying Floyd's motion to set aside based on insufficient service of process, we need not address his remaining arguments as to why his motion should have been granted.

*Judgment reversed. Ruffin and Ellington, JJ., concur.*

DECIDED OCTOBER 10, 2001.

*Taylor W. Jones & Associates, Taylor W. Jones, Jenny E. Jensen,* for appellant.

*Cornelison & Ziolo, Rex P. Cornelison III, John A. Ziolo,* for appellees.

---

[17] See generally OCGA § 9-10-73.

[18] See generally *Beverage Mgmt. Solutions v. Yankee Spirits,* 218 Ga. App. 95, 97 (1) (460 SE2d 564) (1995).

[19] See *Croxton v. MSC Holding,* 227 Ga. App. 179, 183 (3) (489 SE2d 77) (1997); see generally *Ashworth v. Busby,* 272 Ga. 228, 229 (526 SE2d 570) (2000).

[20] Compare *Lightsey v. Nalley Equip. Leasing,* 209 Ga. App. 73, 74 (1) (432 SE2d 673) (1993).