2003 ME 105

**Dorothy MOORES**

v.

**Larry DOYLE.**

Supreme Judicial Court of Maine.

Submitted On Briefs: June 26, 2003.

Decided: Aug. 7, 2003.

Judd Esty–Kendall, Pine Tree Legal, Bangor, for the plaintiff.

Rosemarie Giosia, Ellsworth, for the defendant.

Panel: SAUFLEY, C.J., and CLIFFORD, RUDMAN, DANA, ALEXANDER, and LEVY, JJ.

LEVY, J.

[¶ 1] Larry Doyle appeals from a judgment entered in the District Court (Calais, *Gunther, J.*) determining that he is the biological father of Larry C. Moores, d/o/b 7/31/92. Doyle contends that in 1999 the court (*Romei, J.*) abused its discretion when it granted Dorothy Moores's motion for relief from judgment pursuant to M.R. Civ. P. 60(b)(6), vacating a 1995 summary judgment in Doyle's favor and reviving Moores's paternity action. Doyle also asserts that service was insufficient for both the 1995 paternity complaint and the 1999 Rule 60(b)(6) motion. We affirm the judgment.

## I. BACKGROUND

[¶ 2] Dorothy Moores and her husband, Gordon, divorced in 1994. Their divorce judgment, entered in the District Court (Calais, *Romei, J.*), contained the following clause:

> The parties have five children born to them of the marriage: however, [Dorothy] insists that [Gordon] is not the biological father of the last born, Larry C. Moores, d/o/b 7/31/92. The Court makes no findings as to this allegation.

In the divorce judgment's next numbered paragraph, the court awarded the parties shared parental rights and responsibilities concerning all the children.

[¶ 3] In February 1995 Moores filed a complaint for determination of paternity, parental rights and responsibilities, and child support against Larry Doyle. She served Doyle the complaint and summons by certified mail, the receipt for which was signed by Doyle's wife. After the court granted Moores's *in forma pauperis* application, a deputy sheriff served Doyle in hand with another summons in March 1995.

[¶ 4] Doyle later moved for a summary judgment, arguing that the collateral estoppel doctrine barred Moores from seeking a determination of the child's paternity because she had previously litigated that issue in her divorce action. Doyle never raised the affirmative defense of insufficient service of process. Moores objected to Doyle's summary judgment motion, arguing that the divorce judgment had not determined the child's paternity. Nevertheless, in November 1995 the court entered a summary judgment in Doyle's favor and dismissed Moores's complaint.[1] Moores did not appeal from the judgment.

[¶ 5] Nearly four years later, in August 1999, Moores filed a motion for relief from judgment pursuant to M.R. Civ. P. 60(b)(6).[2] Moores alleged that she was entitled to relief because the court had

---

1. The docket entry for November 8, 1995, reads in part as follows: "Motion for Summary Judgment Granted. Summary Judgment entered in favor of the defendant Larry Doyle. The Plaintiff's complaint is dismissed." Because the District Court responded to Doyle's assertion of the affirmative defense of collateral estoppel, and addressed the merits of the case, we treat its action as a summary judgment.

2. M.R. Civ. P. 60(b) reads in its entirety as follows:

Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated in-

erred by dismissing the complaint in 1995, and that the dismissal was prejudicial to her and her child because it deprived them of a final determination of paternity. She served the motion on Doyle by mail to his address of record. Doyle objected to the sufficiency of service of the motion and to the motion's merits. In September 1999 the court granted Moores's Rule 60(b)(6) motion, vacating the 1995 summary judgment and reopening the paternity action. Doyle's immediate appeal to the Superior Court was dismissed as interlocutory. The Department of Human Services (DHS) subsequently became a party to the paternity action because it had provided past necessary support for the child. Thereafter, a blood or tissue typing test ordered by the court indicated with 99.99% accuracy that Doyle was the child's biological father. Following a hearing on the merits, the trial court entered a paternity judgment against Doyle, allocated parental rights and responsibilities, and ordered him to pay child support. Doyle then appealed to this Court.

## II. SUFFICIENCY OF SERVICE

■ [¶ 6] Doyle argues that service of process for the 1995 paternity action was insufficient because delivery of the certified mailing was not restricted as required by M.R. Civ. P. 4(f)(2).[3] Doyle further asserts that service of the 1999 Rule 60(b)(6) motion was insufficient because it was not delivered in hand in accordance with M.R. Civ. P. 4 and 80(k) or, in the alternative, was not served by mail upon his attorney of record in accordance with M.R. Civ. P. 5(b).

[¶ 7] Unless the defense of insufficient service of process is raised in a responsive pleading or by motion, it is not preserved for appellate review. M.R. Civ. P. 12(b) & (h)(1); *Peoples Heritage Sav. Bank v. Pease*, 2002 ME 82, ¶ 13, 797 A.2d 1270, 1274. In the 1995 paternity action, Doyle never objected to the sufficiency of such service, and he participated in the proceedings—winning a summary judgment. Hence, Doyle waived the defense of insufficient service of process for the 1995 paternity action, and he cannot collaterally attack the sufficiency of service in this postjudgment proceeding.

■ [¶ 8] Turning to the 60(b) motion, Moores was not required to provide per-

---

trinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding. Writs of co-

ram nobis, coram vobis, audita querela, and bills of review and bills in the nature of bills of review are abolished as means of reopening judgments entered under these rules, and the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action.

3. M.R. Civ. P. 4(f)(2) reads in its entirety as follows:

*Divorce Cases.* Service of the summons and complaint may be made in an action under Rule 80(a) upon a person who is subject to the jurisdiction of the courts of the state by delivery to that person, whether in or outside the state, by registered or certified mail, with restricted delivery and return receipt requested.

sonal service of her motion pursuant to Rule 80(k) because it was not a motion seeking "the modification or enforcement" of the judgment.[4] A 60(b) motion filed in a proceeding otherwise governed by Rule 80 is not subject to the service requirements set forth in Rule 80(k). Hence, personal service was not required.

[¶ 9] As a continuation of the original action, a 60(b) motion is governed by M.R. Civ. P. 5. *See* M.R. Civ. P. 5(a). Doyle also asserts that the service of the 60(b) motion was deficient because the motion was mailed to him, and not to his attorney of record. Rule 5(b) states in pertinent part that "[w]henever under these rules service is required or permitted to be made upon a party represented by an attorney, the service shall be made upon the attorney unless service upon the party personally is ordered by the court." Maine's Rule 5(b) is substantially similar to the federal rule, and federal courts have generally refused "to tolerate frivolous or technical objections based on a litigant's noncompliance with the service ... requirements for papers interposed after the initial process." 4B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1141 at 412 (3d ed.2002).

[¶ 10] Although Doyle protests that service was technically not in compliance with Rule 5(b), he does not assert that he suffered any prejudice by the manner of service, nor does the record reveal that he was prejudiced. On the contrary, Doyle's timely objection indicates that he received both timely and actual notice of Moores's 60(b) motion. In these circumstances, the technical deficiency in the service of the motion was harmless error. M.R. Civ. P. 61.[5]

### III. MOTION FOR RELIEF FROM JUDGMENT

[¶ 11] Lastly, Doyle asserts that the trial court erred in 1999 when it granted Moores's motion for relief from the summary judgment. As the proponent of the 60(b) motion, Moores bore the burden of persuading the trial court that the summary judgment in favor of Doyle should be set aside. *Zink v. Zink,* 687 A.2d 229, 231 (Me.1996). We review the trial court's

---

**4.** M.R. Civ. P. 80(k) reads in its entirety as follows:

> Postjudgment Relief. Except as otherwise provided in Title 19–A,
> (1) Any proceedings for modification or enforcement of the judgment in an action under this rule shall be on motion for postjudgment relief. The motion shall be served on the opposing party personally in accordance with Rule 4, except that when a motion is made in response to a motion filed by a party represented by an attorney, the responsive motion may be served upon the attorney in accordance with Rule 5(b). The opposing party shall file a memorandum in opposition to the motion, including all objections, denials, and affirmative defenses, in accordance with Rule 7(c). The failure to file a memorandum in opposition may permit entry of the modified judgment by default in accordance with Rule 55. The motion and any opposing memorandum shall be accompanied, as appropriate, by the affidavits, worksheets, or financial statements required by subdivision (c) of this rule.

**5.** M.R. Civ. P. 61 reads in its entirety as follows:

> No error in either the admission or the exclusion of evidence and no error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for granting a new trial or for setting aside a verdict or for vacating, modifying or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties.

decision regarding the 60(b) motion for abuse of discretion. *Ketchum v. Ketchum*, 2000 ME 13, ¶ 7, 743 A.2d 1270, 1272.

[¶ 12] Subsection (6) of Rule 60(b) authorizes relief for "any other reason justifying relief from the operation of the judgment." M.R. Civ. P. 60(b). A motion for relief based on subsection (6) must be made "within a reasonable time." *Id.* The rule, however, "presupposes that a party has performed his duty to take legal steps to protect his own interests in the original litigation. The rule was not intended as an alternative method of appellate review, nor as a procedural means by which legal errors readily correctable on appeal may be challenged in a second round of litigation." *Scott v. Lipman & Katz, P.A.*, 648 A.2d 969, 974 (Me.1994) (quoting *Reville v. Reville*, 370 A.2d 249, 254 (Me.1977)).

[¶ 13] In the present case, Moores did not appeal from the summary judgment entered in 1995. Highlighting her failure to protect her interests in the original litigation, she did not set forth in her 60(b)(6) motion filed in 1999 any equitable grounds justifying relief from the judgment. Other than the bald assertion that the judgment prejudiced her and her child, Moores devoted her motion entirely to alleged legal errors made by the court.

Moreover, she offered no explanation of why she waited nearly four years from the entry of the judgment to file her 60(b)(6) motion. In these circumstances, Moores's 60(b) motion should not have been granted.

[¶ 14] Although it was an abuse of discretion to grant Moores's 60(b)(6) motion, the error was harmless. M.R. Civ. P. 61. As the paternity action proceeded, DHS intervened and participated as if it had initiated the suit, which it has at all times been free to do pursuant to 19–A M.R.S.A. §§ 1553 and 1606 (1998).[6] Given that DHS intervened and participated in this proceeding and, in any event, could have simply filed a new complaint to obtain a determination of the child's paternity, permitting paternity to be determined in this proceeding does not affect any substantial right held by Doyle.

The entry is:

Judgment affirmed.

---

**6.** Section 1553 provides that "[p]aternity may be determined upon the complaint of the mother, the alleged father, the child or the public authority chargeable by law with the support of the child." Section 1606(1) provides that DHS may request the court to "[e]stablish the alleged father as the biological father of the child."