STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NOS. CV-05-613
CV-05-534

REC -(()IN - I/I8/0%

WORLDWIDE LANGUAGE
RESOURCES, INC.

Plaintiff

v.

VINCENT GALKOWSKI

Defendant

------------------------------------

WORLDWIDE LANGUAGE
RESOURCES, INC.

Plaintiff

v.

ASHER KAMAWAL

Defendant

CONSOLIDATED ORDER ON
DEFENDANTS' MOTIONS
TO DISMISS

Before the court are defendant Vincent Galkowski's ("Galkowski") motion to dismiss Plaintiff Worldwide Language Resources, Inc.'s ("Worldwide") complaint for lack of personal jurisdiction and defendant Asher Kamawal's ("Kamawal") motion to dismiss Worldwide's complaint for lack of personal jurisdiction. Also before the court are Worldwide's motions for costs and attorney's fees for defending these motions to dismiss. Because of the legal and factual similarities in these motions, the court has consolidated its order on them.

## BACKGROUND

Worldwide is a Massachusetts corporation registered to do business in Maine. It provides foreign language translators to various clients around the

1

world. Defendants Galkowski and Kamawal were both hired by Worldwide as independent subcontractors for discrete terms.

On September 12, 2005, Worldwide filed a complaint against Galkowski, asserting that he breached various terms of his independent subcontractor agreement. A summons indicating that the complaint was served on Galkowski by an "Independent Contractor" on September 15, 2005 at Fort Benning, Georgia was docketed on October 14, 2005. Galkowski confirms that, while in Fort Benning, he received a copy of the summons and complaint in hand from Alan Upton, a Worldwide associate with whom he is familiar.

On October 17, 2005, Worldwide filed a complaint against Kamawal, asserting that he breached various terms of his independent subcontractor agreement. An affidavit indicating that the complaint was served on Kamawal on October 18, 2005 by Mubarakdin Achakzai ("Mr. Achakzai") was docketed on November 15, 2005. Kamawal confirms that, while in Afghanistan, he was handed a copy of the summons and complaint by Achakzai, a Worldwide site manager with whom he is familiar.

## DISCUSSION

### I.    GALKOWSKI'S MOTION TO DISMISS

Galkowski asserts that Worldwide's complaint against him should be dismissed for lack of personal jurisdiction because of a failure of service of process. He claims that the written "Independent Contractor Agreement" ("Agreement") submitted to this court in response to his motion to dismiss does not define his relationship with Worldwide. The Agreement contains a choice of law and service of process provision at paragraph 22 as follows:

2

> This Agreement shall be construed and enforced in accordance with the laws of the State of Maine. This Agreement shall be enforceable in the Maine Superior Court in the County of Cumberland. The parties agree that service of any process necessary for the prosecution of an action arising out of this Agreement may be made in person, by any individual over the age of twenty-one (21), and that a signed acknowledgement of service shall be conclusive proof that service was effected properly.

Galkowski does not deny that he signed the Agreement, or that he initialed its paragraph 22. Rather, he states that it does not represent the whole of his agreement with Worldwide, or perhaps even that he had no agreement with Worldwide because he never received a countersigned copy of the Agreement. However, the absence of Worldwide's signature on the Agreement does not mean that the parties did not have a contract, or that the Agreement's terms are not a part of that contract. Galkowski's signature on the Agreement is prima facie evidence that he had, in fact, agreed to its terms. Galkowski is the moving party in this motion to dismiss, therefore the burden is on him to show the inapplicability of the Agreement.

In stating that the Agreement does not encompass the full scope of activities he performed for Worldwide, Galkowski does not claim that there exist other terms superseding the choice of law and consent to service provisions of paragraph 22. There may exist, through practice or oral agreement, other terms in the parties' contract that are not reflected in the Agreement. However, these terms do not necessarily override the Agreement; they may merely supplement it. Absent a specific indication from Galkowski that the Agreement's terms are not governing as to choice of law and acceptable service of process, the court accepts the terms as written.

Galkowski acknowledges that he received the summons and complaint in hand from an individual who was over the age of twenty-one, and a signed acknowledgement of service was received by this court. This meets the terms of service agreed to by Galkowski.

Galkowski further asserts that, even if the Agreement were in force, its "generalized waiver of service of process" is invalid under Georgia law. Under Maine law, which both parties accept as applying for purposes of this analysis, out-of-state service must be made by a person authorized to serve civil process by the laws of the place of service, or by a person specially appointed to serve it. M.R.Civ.P. 4(e). This, however, does not mean that the law of Georgia applies to construction of the validity of the service of process clause itself. Rather, any question of contract interpretation should be made according to Maine law.

Galkowski claims that generalized waivers of service of process are void as against public policy, and that therefore paragraph 22's waiver should be stricken. However, paragraph 22 is not a generalized waiver of service of process, it merely provides for service by a private party, rather than by the sheriff or other official appointed by state law to serve process. In deciding whether this contractual modification of service of process is acceptable under Maine law, the court is guided by the Law Court's caution that "actual notice is the ultimate goal of any form of service" and that "if the defendant has received actual notice by the method of service used, the court should hesitate in finding the service insufficient for some technical noncompliance." *Phillips v. Johnson,* 2003 ME 127, ¶ 24 (internal citations omitted). Galkowski's admission that he in fact received notice of the suit against him demonstrates that paragraph 22's

provisions for service comply with the Law Court's ultimate concern with the sufficiency of process.

Galkowski also contends that Georgia has a sovereign interest in who serves process within its jurisdiction, and that, in Georgia, there is a rule against allowing someone not wholly disinterested in the outcome of the litigation to serve process on the defendant. However, the cases cited to by Galkowski do not indicate an intent on Georgia's part to invalidate a clear and unmistakable waiver of one's right to be served process according to applicable rules of civil procedure. *See Floyd v. Gore*, 251 Ga. App. 803, 807, 555 S.E.2d 170, 175 ("[A] defendant may, in certain cases, waive service of process by written agreement... [however,] the law will not infer the waiver of an important right unless the waiver is clear and unmistakable.") Nor do they indicate an intent to override another jurisdiction's choice to accept a form of process made within Georgia. *See Yeary v. Bell*, 228 Ga. App. 522, 523, 492 S.E.2d 278, 279-80 (1997) ("whether any citizen of our United States can validly serve *a Georgia process* requires not only that the person be specially appointed for such purpose but also that he be wholly disinterested in the outcome of the litigation." [emphasis added]). Here, paragraph 22's modification of the procedural requirements for service of process is clear and unmistakable; as is the intent of the parties to construe the terms of their agreement according to Maine law. Maine law, as stated above, is concerned that a defendant receive timely and actual notice of the action against him, for which paragraph 22's modification of service of process is adequate. *See Moores v. Doyle*, 2003 ME 105, ¶ 10, 829 A.2d 260, 263.

Finally, Galkowski contends that the original return of service filed with the court on October 14, 2005 is not an "acknowledgement of service" under

5

paragraph 22 of the contract. The contract is not clear as to whether the defendant or the process server must be the person to sign the acknowledgement of service in order for it to "be conclusive proof that service was affected [sic] properly." Nevertheless, whatever the "signed acknowledgement of service" is, its existence is only pertinent to establishing that service was effected properly. Galkowski was, according to his own admission, served with notice of the suit according to the terms of his contract with Worldwide. Those terms are acceptable under Maine law as a modification of the default procedural requirements for service of process. Accordingly, Galkowski's motion to dismiss Plaintiff's complaint for lack of personal jurisdiction is DENIED.

## II.    KAMAWAL'S MOTION TO DISMISS

Kamawal signed an independent contractor agreement with Worldwide that contains the same paragraph 22, regarding choice of law and service of process, as Galkowski's agreement. Kamawal does not dispute that the agreement he signed governs his relationship with Worldwide or that paragraph 22 is generally valid. He argues, however, that he was prejudiced by the particular circumstances under which Mr. Achakzai served process on him and that in light of those circumstances the court should decline to accept Worldwide's service, and by extension, it should decline to exercise personal jurisdiction over Kamawal. Kamawal asserts that Mr. Achakzai is a party to the action against him, and that both prior to and after serving process on him, Mr. Achakzai attempted to bargain with him by offering to dismiss the suit should Kamawal resume his employment with Worldwide. Kamawal claims these

actions clouded the service with questions as to the validity of the suit, and that as a matter of public policy this service should not be recognized by the court.

Worldwide counters that it served process on Kamawal in conformity with the terms of their agreement, and maintains that those terms are valid. Although Worldwide disputes that Mr. Achakzai was a party to the action, it does not explain or deny Mr. Achakzai's actions in bargaining with Kamawal before or after serving process on him. Worldwide justifies the service of process on Kamawal by Mr. Achakzai by asserting that service by anyone over the age of 21, as contemplated in paragraph 22, is necessary given that potential defendants in its suits to enforce contract rights could be anywhere in the world at any given time.

Service of court papers on a defendant should give unequivocal notice to the defendant of the action pending against him. However, Kamawal's claim that his notice of the claim against him was clouded by Mr. Achakzai's attempts to bargain with him both before and after serving papers on him is belied by the fact that Kamawal refused these overtures. Kamawal does not claim that, in spite of his refusal to meet Mr. Achakzai's demands, Mr. Achakzai nonetheless indicated to him that the suit was suspended or dropped. The nature of the prejudice that concerns Maine courts is as to timely, actual notice. *See Moores*, 2003 ME 105 at ¶ 10. Mr. Achakzai's pressure tactics did not affect Kamawal's timely receipt of notice, one day following the filing of the complaint with the court, nor would they logically affect Kamawal's understanding of the actual existence of the suit against him.

Nor does Kamawal point to any law to support his argument that service of process by a party to the action should be void as against public policy, or that

7

the court should look more closely at the requirements of service of process when it occurs in a foreign country. Rule 4(j) does require that personal service upon an individual in a foreign country be made by a person who is not a party; however, there is nothing on the face of this rule to distinguish it from the other rules for service of process that were also legitimately altered by the parties' contract.

Accordingly, as Kamawal was properly served with notice of the suit under the terms of his contract with Plaintiff, his motion to dismiss Plaintiff's complaint for lack of personal jurisdiction is DENIED.

## III.    WORLDWIDE'S MOTION FOR COSTS AND ATTORNEY'S FEES

Worldwide argues that the defendants should be responsible for payment of its attorneys' fees and costs in defending their motions to dismiss. The contracts supplied by Worldwide in connection with both defendants provide for the award of attorney fees. *See* Agreement at ¶ 15. ("The parties further agree that Subcontractor shall be liable to [Worldwide] for all costs incurred by [Worldwide] in enforcing any term of this agreement, including reasonable attorney's fees, paralegal fees, and related costs and expenses.") It is premature to award attorney's fees at this time. Among other things, the court has not yet made a final determination as to the enforceability of the contract between the parties. Any award of attorney's fees shall be determined after the case has come to a final resolution.

The entry is:

> Defendant Vincent Galkowski's motion to dismiss Plaintiff's complaint is DENIED.

8

Defendant Asher Kamawal's motion to dismiss Plaintiff's complaint is DENIED.

Plaintiff Worldwide Language Resources, Inc.'s motion for costs and attorney's fees is DENIED.

Dated at Portland, Maine this 18th day of January, 2006.

Robert E. Crowley
Justice, Superior Court

9