**SECOND DIVISION**
**MILLER, P. J.,**
**ANDREWS and BROWN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**June 15, 2018**

# In the Court of Appeals of Georgia

A18A0572. DUKES v. MUNOZ et al.

MILLER, Presiding Judge.

Winfred Dukes was served by publication with notice of a quiet title action filed by three individuals who had purchased his property at a tax sale. The trial court granted judgment in favor of the purchasers, and Dukes appeals, challenging the sufficiency of service, among other things. We now reverse because the record shows that the purchasers failed to exercise reasonable diligence to ascertain Dukes' correct address.

The relevant facts are not disputed. Dukes owned a parcel of property in Fulton County, but became delinquent in paying his property taxes. Harold F. Munoz, Beatriz Elena Porras Martinez, and Natalia M. Higgins (collectively, "the Purchasers") bought the property at a tax sale in January 2014. The 2014 county tax

bill for the property listed Dukes as the owner and included the property address, but no other contact information for Dukes on the tax bill.

In January 2015, the Purchasers sent Dukes legal notice of the impending termination, or barment, of his right to redeem the property by mailing a certified letter addressed to him at the property address. The letter was "return[ed] to sender" as undeliverable. The Purchasers then ran a legal notice in The Daily Report for four consecutive weeks, advising that the statutory right to redeem the property would be forever barred on April 15, 2015.

In June 2015, the Purchasers filed a petition to quiet title to the property. Their attorney engaged a private investigator to locate Dukes so that he could be served with the petition. According to the investigator's affidavit, he started with "some identifying information" for Dukes giving his last known address as the Property address to which the Purchasers had sent the barment notice; however, using "normal investigative methods and procedures" he was "unable to locate more current information" for Dukes.[1]

_____

[1] Specifically, the investigator averred that he unsuccessfully searched public and proprietary databases for any criminal records, potential employers, public utility listings, professional licenses or associations, bankruptcy proceedings, financial indebtedness, other real estate holdings, foreclosure records, eviction records, hunting and weapons permits records, and voter registration records pertaining to Dukes.

Based on the investigator's affidavit, the Purchasers filed a motion for permission to serve Dukes by publication. After the special master[2] appointed to hear the petition agreed that Dukes should be served by publication, the trial court granted the Purchasers' motion, and notice of the quiet title action was then published. Following a hearing at which Dukes did not appear, the special master issued a report and recommendation finding that the Purchasers had perfected service upon Dukes by publication and had properly barred his right of redemption. Accordingly, the special master concluded that the Purchasers were entitled to default judgment against Dukes.

Shortly after the special master's report was filed, Dukes filed an objection to the report, a request for a hearing, and a motion for summary judgment, arguing that he had not been properly served with the barment notice or the quiet title action. He also tendered the redemption price for the property into the registry of the court.

In support of his arguments regarding improper service, Dukes submitted the affidavit of a private investigator that his lawyer had hired to determine whether "any information regarding Winfred Dukes could be located that would provide for a means of making contact with him." As background, the investigator was given only

[2] See OCGA § 23-3-63.

3

the 2014 tax bill listing Dukes' name and the property address. The investigator started with a Google search for "Winfred Dukes, GA," and the first 50 results – including a pop-up window – showed that Dukes served in the Georgia state legislature as a representative from Albany. By clicking on the search results, the investigator accessed biographical and employment information about Dukes, as well as several postal addresses, email addresses, and telephone numbers. The investigator also located multiple social media accounts for Dukes that contained contact information.

Further, the investigator found a mailing address listed for Dukes on the website for the tax assessor for Fulton County, where the property is located. Finally, the investigator found contact information for Dukes in subscription databases, in the Secretary of State's occupational licensing division, in voter registration records, and in the property records of Dougherty County, where the Google search had shown that Dukes lives. Based on his research, the investigator concluded that "a minimal effort to locate a means for contacting Winfred Dukes would have been successful."

The trial court entered a final order overruling Dukes' objections, adopting the special master's report, and denying Dukes' summary judgment motion. The trial court found that "[r]easonable notice was given to all parties for whom the Special

4

Master had, or could, after due diligence, obtain a service address" and that service had been perfected upon Dukes by publication. Further, the trial court ruled that legal title to the property was vested in the Purchasers and that Dukes was responsible for paying the special master's fees. Dukes appeals, arguing that service by publication was improper, the barment notice was inadequate, legal title should not vest in the Purchasers, Dukes should not be responsible for the special master's fees, and Dukes was entitled to attorney fees.

1. Dukes first argues that he was not properly served with the quiet title petition. We agree.

The Quiet Title Act requires personal service upon "known persons whose address is ascertainable." OCGA § 23-3-65 (b). The trial court may order service by publication "[i]n all cases where service by publication is permitted under the laws and where the respondent or other party resides outside this state or whose residence is unknown." Id. Thus, "our first inquiry . . . is whether service by publication is permitted under the laws of this State, given the situation presented here." *Floyd v. Gore*, 251 Ga. App. 803, 804-805 (1) (555 SE2d 170) (2001).

"[D]ue process requires that a chosen method of service be reasonably certain to give actual notice of the pendency of a proceeding to those parties whose liberty

5

or property interests may be adversely affected by the proceeding." (Citations omitted.) *Abba Gana v. Abba Gana*, 251 Ga. 340, 343 (1) (304 SE2d 909) (1983). Because service by publication is a "notoriously unreliable means" of providing actual notice, a plaintiff may serve a quiet title petition by publication only if the defendant's address is not ascertainable despite the plaintiff's exercise of "reasonable diligence." *Floyd*, supra, 251 Ga. App. at 805 (1).

"Reasonable diligence" requires the plaintiff to "pursu[e] every reasonably available channel of information" to locate the defendant. *Reynolds v. Reynolds*, 296 Ga. 461, 463 (769 SE2d 511) (2015). Whether the plaintiff exercised reasonable diligence depends upon the circumstances. *Floyd*, supra, 251 Ga. App. at 805 (1); see also *Abba Gana*, supra, 251 Ga. at 343 (1) ("each case has its own practicalities and peculiarities, and this court cannot lay down a sweeping rule applicable to all determinations whether reasonable diligence has been exercised"). On appeal, we "must independently decide whether under the facts of each case the search for the absentee interested party was legally adequate." (Citation omitted.) *Abba Gana*, supra, 251 Ga. at 343 (1).

Here, the private investigator hired by the Purchasers reported that he was unable to find Dukes "using normal investigative methods and procedures." The

6

investigator hired by Dukes' attorney, however, readily discovered a current mailing address for Dukes by consulting the Fulton County Tax Assessor's website – a task requiring minimal effort and falling well within the bounds of "reasonable diligence." See *Hamilton v. Renewed Hope*, 277 Ga. 465, 468 (589 SE2d 81) (2003) ("[t]he use of public [tax and deed] records to ascertain the addresses of the parties to be notified is certainly necessary") (citation omitted).[3]

Further, after a single Google search, Dukes' investigator learned that Dukes was a state legislator with ample publicly available contact information. The Purchasers argue that Google searches are not dispositive because there is "no way to connect the searches with the Property address." However, nearly all of the first 50 search results pertained to the same "Winfred Dukes" who is a party to this case. Compare *Hamilton v. Renewed Hope*, 281 Ga. 393, 395 (2) & n.8 (637 SE2d 412)

---

[3] In their appellate brief, the Purchasers assert that "when [they] initially sent their [barment] notice to Dukes in January 2015, the mailing address listed was the Property." The Purchasers, however, provide no evidence that they searched tax records, or any other source, to find Dukes in January 2015. See *Mays v. Ed Voyles Chrysler-Plymouth*, 255 Ga. App. 357, 359 (2) (565 SE2d 515) (2002) ("Factual assertions contained in a party's brief are not evidence unless supported by the record.") (citation omitted). The Purchasers' investigator, who was hired in April 2015, did not mention searching the tax assessor's website in his affidavit. Our independent review of the record shows that the Purchasers' search was not legally adequate.

(2006) (plaintiff's failure to search old phonebook for defendant did not show lack of diligence where (1) then-current phonebook did not list defendant, and (2) old phonebook had multiple listings for people with defendant's name). Dukes' investigator also quickly found the state legislator "Winfred Dukes" on multiple social media outlets, one of which included contact information.

We therefore conclude that the Purchasers failed to pursue obvious and fruitful channels of information that would have allowed them to ascertain Dukes' current address with minimal effort. As a result, "service by publication did not meet the constitutional requirements of due process," *Reynolds*, supra, 296 Ga. at 463, and the trial court erred by permitting it. Accordingly, we reverse.

2. In light of our holding that Dukes was not properly served with the quiet title petition, we do not address his other challenges to the trial court's final order.

*Judgment reversed. Andrews and Brown, JJ., concur.*