**FIFTH DIVISION**
**RICKMAN, C. J.,**
**MCFADDEN, P. J., and SENIOR APPELLATE JUDGE PHIPPS**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**December 9, 2021**

# In the Court of Appeals of Georgia

A21A1461. THE MARK A. SCHNEIDER REVOCABLE TRUST
v. HARDY.

MCFADDEN, Presiding Judge.

The Mark A. Schneider Revocable Trust appeals the dismissal of its complaint on statute of limitation grounds. We agree with the trust that the trial court erred in granting the motion to dismiss in reliance on matters outside the complaint and answer. So we reverse.

In August 2020, the trust, which holds title to property in a subdivision, filed this action against a homeowner in the subdivision, appellee Frank Hardy, and against another homeowner, who is also the president of the property owners' association. The complaint sought compensatory and punitive damages and injunctive relief arising (among other things) out of Hardy's having paved his driveway in asphalt,

allegedly in violation of certain restrictive covenants. The trust did not allege the date that Hardy paved his driveway, only that it was prior to the August 2020 filing of the complaint.

Hardy answered and filed two motions to dismiss the complaint: one on the ground that the complaint was barred by the running of the statute of limitation and one on the ground that the trust lacked capacity to file a lawsuit. (The trust filed an amended complaint, perhaps to cure the alleged lack-of-capacity defect, seeking to add as a plaintiff Mark Schneider as trustee and seeking to add as a defendant the property owners' association. But "an amendment to a complaint adding a new party without first obtaining leave of the court is without effect." *Connie v. Garnett*, 360 Ga. App. 24, 26 (1) (860 SE2d 592) (2021) (citation and punctuation omitted).)

The trial court granted Hardy's motion to dismiss the complaint as barred by the statute of limitation, and the trust filed this appeal. (The trial court also granted the other defendant's motion to dismiss, but the trust does not challenge that dismissal in this appeal. )

1. *Statute of limitation*.

"A statute of limitation defense goes to the merits of the claim, and is therefore subject to a motion to dismiss under OCGA § 9-11-12 (b) (6)." *Dept. of Transp. v.*

*Mixon,* 355 Ga. App. 463, 465 (2) (844 SE2d 524) (2020), quoting *Petree v. Ga. Dept. of Transp.*, 340 Ga. App. 694, 704 (3) (a) (798 SE2d 482) (2017) (physical precedent only). We review the grant of any motion to dismiss de novo, applying the rule that "a motion to dismiss should not be granted unless the allegations of the complaint disclose with certainty that the claimant would not be entitled to relief under any state of provable facts asserted in support thereof." *Babalola v. HSBC Bank, USA*, 324 Ga. App. 750, 752 (2) (751 SE2d 545) (2013) (citation and punctuation omitted).

When considering a motion to dismiss for failure to state a claim, a trial court may consider the complaint, the answer, and any exhibits attached to and incorporated into the complaint and answer. *Minnifield v. Wells Fargo Bank*, 331 Ga. App. 512, 514 (2) (771 SE2d 188) (2015). Neither the trust's complaint nor Hardy's answer alleged the date that Hardy paved his driveway in asphalt. But the statement of facts section of Hardy's motion to dismiss on statute of limitation grounds recites (without reference to any kind of evidentiary support) that Hardy purchased his home and paved the driveway in asphalt in 2011. Based on this date, Hardy argues, the trust's August 2020 complaint is barred by the applicable statutes of limitation.

Given the absence of alleged dates in the complaint and answer, the trial court must have considered matters outside those pleadings, specifically the recitation in Hardy's motion to dismiss, to determine when the applicable statutes of limitation began to run. In so doing, the trial court erred. See *Babalola,* 324 Ga. App. at 750 n. 4. See also OCGA § 9-11-12 (b) ("If, on a motion to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Code Section 9-11-56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Code Section 9-11-56."); *Dukes v. Munoz*, 346 Ga. App. 319, 322 n.3 (1) (816 SE2d 164) (2018) ("Factual assertions contained in a party's brief are not evidence unless supported by the record.") (citation and punctuation omitted).

2. *Lack of capacity*.

As noted above, Hardy also moved to dismiss the complaint on the ground that the trust lacks capacity to bring an action. "[W]e may affirm a dismissal if it is right for any reason." *Estate of Nixon v. Barber*, 340 Ga. App. 103, 105 (1) (796 SE2d 489)

4

(2017). But the lack-of-capacity argument is not an alternate ground to affirm the dismissal, so we do not reach the substance of that argument.

OCGA § 9-11-17 (a) provides that,

[n]o action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

When a defendant moves to dismiss a lawsuit on the ground that it is not being prosecuted by the proper party plaintiff, "such a motion is to be treated as a matter in abatement, in that the erring party, rather than having judgment entered against him, is now simply precluded from proceeding with the suit until the error has been corrected by the substitution of the proper party plaintiff." *Amica Mut. Ins. Co. v. Fleet Multi Fuel Corp.*, 178 Ga. App. 859, 861 (344 SE2d 742) (1986).

So the lack-of-capacity argument is not a ground for dismissing the lawsuit, and thus is not an alternate basis for affirming the trial court's order of dismissal. Accordingly, we reverse the trial court's order granting Hardy's motion to dismiss the

5

trust's complaint against him and do not reach the trust's remaining enumerations of error.

*Judgment reversed. Rickman, C. J., and Senior Appellate Judge Herbert E. Phipps concur.*