A91A1980. IN THE INTEREST OF H. M. T., a child.
(416 SE2d 567)

COOPER, Judge.

This appeal is brought by the natural mother of H. M. T. from

an order of the Houston County Juvenile Court terminating her parental rights. Appellant contends that the evidence was insufficient to warrant the termination of her parental rights.

Appellant is a 27-year-old divorced mother of three children including two-year-old H. M. T., the youngest of the three. Appellant's ex-husband, the natural father of all three children, has custody of the two older children and has formally relinquished his parental rights as to H. M. T., who was conceived and born after the divorce. Following her divorce, appellant pled guilty to charges stemming from her unauthorized use of her ex-husband's credit card. In March 1989, appellant's probation was revoked, and appellant was incarcerated because she failed to report to her probation officer. Appellant left H. M. T. with her mother, who subsequently decided that she could not care for the child. The Houston County Department of Family & Children's Services ("DFCS") commenced deprivation proceedings on behalf of H. M. T., and temporary custody of H. M. T. was given to DFCS. Appellant and DFCS entered into an agreement which outlined certain minimum requirements necessary to return H. M. T. to the home after appellant's release from jail. In May 1989, appellant was released, and in July 1989, appellant was arrested and charged under one indictment with burglary, aggravated assault, false imprisonment, robbery, and theft by taking, and under a second indictment with malice murder, felony murder, burglary, aggravated assault, robbery, kidnapping, aggravated battery and theft by taking. The incidents charged in the two indictments occurred on June 13, 1989 and June 17, 1989, respectively, as a result of appellant's attempt to steal money for drugs. In March 1991, appellant pled guilty to burglary and theft by taking and was sentenced to a total of 25 years to serve. DFCS subsequently filed a petition to terminate appellant's parental rights, and following a hearing in the juvenile court, the judge entered an order terminating appellant's parental rights and awarding permanent custody of H. M. T. to DFCS for adoptive placement.

"The statutory criteria for the termination of parental rights is the two-step procedure of OCGA § 15-11-81 (a). First the court determines whether there is clear and convincing evidence of parental misconduct or inability. Second the court considers whether termination is in the best interest of the child. [Cit.]" *In the Interest of B. J. H.,* 194 Ga. App. 282 (1) (390 SE2d 427) (1990). The trial judge made detailed findings regarding the criteria to meet the two-step test. Specifically, the court found that within the 18 months preceding its order, other than a single letter written to H. M. T.'s caseworker, appellant had made no attempt to contact or communicate with H. M. T.; that appellant had no meaningful contact with H. M. T. for the preceding two years; and that H. M.T. was two years and four months old and was readily adoptable. The judge further found by clear and

convincing evidence that H. M. T. was a deprived child within the meaning of OCGA § 15-11-2 (8) (A) and that such deprivation was likely to continue; that the continued deprivation was likely to cause serious physical, mental, emotional, or moral harm to H. M. T.; that appellant's felony conviction and resulting imprisonment had a demonstrable negative effect on the quality of the parent-child relationship; that appellant's use of drugs rendered her incapable of providing adequately for the physical, mental, emotional or moral condition and needs of H. M. T.; that appellant failed for a period of one year or longer prior to the filing of the petition for termination of parental rights to communicate with H. M. T. or to comply with the court ordered reunification plan; that H. M. T. is well adjusted and cared for in her foster care placement; and that adoptive placement was likely in the event appellant's parental rights were terminated; that H. M. T. was in need of a secure and stable home and that it would be in the best interest of H. M. T. for appellant's parental rights to be terminated. " 'The appropriate standard of appellate review in a case of this sort is whether after reviewing the evidence in the light most favorable to the appellee, any rational trier of fact could have found by clear and convincing evidence that the natural parent's right to custody was lost. The factfinding and weighing of evidence is to be done in the trial court under the clear and convincing evidence test. The reviewing court is to defer to the lower court in the area of factfinding and should affirm unless the appellate standard of review, here the rational factfinder test, is not met.' " *In the Interest of B. L.*, 196 Ga. App. 807, 809 (3) (397 SE2d 156) (1990). Upon review of the record, we find that the trial court's findings are supported by clear and convincing evidence. Accordingly, we find no error with the trial court's termination of appellant's parental rights. See *In the Interest of S. K. L.*, 199 Ga. App. 731 (1) (405 SE2d 903) (1991).

*Judgment affirmed. Birdsong, P. J., and Pope, J., concur.*

DECIDED MARCH 6, 1992.

*Bond & Zimmerman, Diane M. Zimmerman*, for appellant.

*Michael J. Bowers, Attorney General, William C. Joy, Senior Assistant Attorney General, Margot M. Cairnes, Assistant Attorney General, Talbot, Ladson, Rowe & Edwards, Deborah A. Edwards, Special Assistant Attorney General*, for appellee.