A98A0603. IN THE INTEREST OF R. M. M., a child.
(502 SE2d 480)

Judge Harold R. Banke.

The natural father of three-year-old R. M. M. appeals from a juvenile court order terminating his parental rights. The mother does not contest the termination of her parental rights.

Law enforcement first contacted the Department of Family & Children Services ("DFCS") about this case after investigating a 911

call from R. M. M.'s mother. She had been drinking for several days when she picked up two men she "used to be homeless with" and brought them to the home she shared with the then seven-month-old R. M. M. She called the police when the men would not leave. At the time, appellant was jailed on a parole violation, after pleading guilty to molesting his young stepdaughter. One condition of his parole was to refrain from unsupervised contact with children. *Held*:

1. As a preliminary matter, we observe that the father's enumerations of error failed to comply with OCGA § 5-6-40 which requires appellants to "set out separately each error relied upon." In his enumerations of error, appellant simply related several statements which apparently indicate some inconsistencies in the testimony of Dr. William Moon, a psychologist. The record, however, shows that appellant failed to object to this testimony, which waived the alleged errors. See *McClain v. State*, 226 Ga. App. 714, 718 (3) (487 SE2d 471) (1997). Nor are the enumerations framed to state issues for us to review. Although appellant's brief includes a number of additional statements unrelated to Dr. Moon, we decline to treat these statements as issues because the brief contains no appreciable argument or any legal analysis. Court of Appeals Rule 27 (c) (2); *MacDonald v. MacDonald*, 156 Ga. App. 565, 566 (1) (275 SE2d 142) (1980); see *Mobley v. Sewell*, 226 Ga. App. 866, 869 (487 SE2d 398) (1997) (statements in briefs cannot be used to enlarge or alter the scope of review of issues not reasonably included in the enumerations).

2. Had these matters been preserved, any error was harmless because the record provides clear and convincing evidence supporting the trial court's findings. *In the Interest of H. M. T.*, 203 Ga. App. 247, 249 (416 SE2d 567) (1992) (standard of review). The record is replete with proof of parental misconduct and inability. OCGA § 15-11-81 (a). Specifically, it shows that appellant engaged in egregious conduct toward a child of a sexually abusive nature and suffers from a medically verifiable deficiency of emotional health of such duration and nature as to render him unable to provide adequately for R. M. M. OCGA § 15-11-81 (b) (4) (B) (i) and (iv).

Appellant pleaded guilty to two counts of aggravated child molestation and one count of child molestation in 1988 and received a fifteen-year sentence, with ten years to serve. OCGA § 15-11-81 (b) (4) (B) (iii); see *In the Interest of S. H.*, 204 Ga. App. 135, 139 (2) (418 SE2d 454) (1992). Appellant has a history of abnormal sexual behavior. Psychological testing revealed that he had high sexual arousal patterns with three, twelve, and twenty-four-year-old females and some arousal with adult males and required extensive, long-term, specific sexual offender treatment to reduce the risk that he indulge in future illegal conduct. Dr. Moon, the psychologist, testified that appellant is a pedophile and has a mood disorder as well as schizoid

and anti-social personality disorders. Dr. Moon also testified without objection that appellant posed a danger to the child. The record shows that appellant has not undergone counseling adequate to address his disorders despite the directive to do so in the case plan and earning an average of $500 per week. OCGA § 15-11-81 (b) (4) (C) (iii). The record also shows that appellant has not seen R. M. M. since January 1997 and cancelled a visit the day before the final hearing because he did not want to miss work. OCGA § 15-11-81 (b) (4) (C) (i). This evidence is sufficient to show that R. M. M. is without proper parental care or control necessary for her physical, mental or emotional health or morals. OCGA § 15-11-2 (8) (A).

The above-mentioned evidence is likewise sufficient to establish that the lack of proper parental care or control caused the child's deprived status, the deprivation is likely to continue, and the continued deprivation is likely to cause serious physical, mental, emotional and moral harm to the child. OCGA § 15-11-81 (b) (4) (A) (iv); *In the Interest of A. M. V.*, 222 Ga. App. 528, 531 (474 SE2d 723) (1996) (evidence of past conduct may be considered in determining whether deprivation will continue). The record further supports the trial court's conclusion that because the child needed greater stability and security, termination of the father's parental rights was in the child's best interest. *In the Interest of J. E. E.*, 228 Ga. App. 831, 834 (2) (493 SE2d 34) (1997).

The trial court's refusal to place R. M. M. with paternal relations was also appropriate. These relations, whom the child has never met, live in Alabama. Alabama authorities who evaluated their home at DFCS's request disapproved of the placement. In addition, the record shows that as a child, the father engaged in inappropriate behavior in this environment. Because the record provides clear and convincing evidence supporting the trial court's disposition of this case, appellant cannot establish harm from any purported error. *In the Interest of J. E. E.*, 228 Ga. App. at 833 (1) (appellants bear the burden of showing harm and error affirmatively by the record).

*Judgment affirmed. Johnson and Smith, JJ., concur.*

DECIDED MAY 14, 1998.

*Gregory S. Dickson*, for appellant.
*Thurbert E. Baker, Attorney General, Shalen A. Sgrosso, Assistant Attorney General, Velma C. Tilley*, for appellee.