## S98A1619. PIERCE v. PIERCE.
### (511 SE2d 157)

THOMPSON, Justice.

Terry W. Pierce, Jr., and Stephanie G. Pierce, husband and wife, lived in Missouri, and purchased a home in Centerview, Missouri. In February 1997, Terry filed for divorce in Missouri; Stephanie answered and counterclaimed. While the Missouri divorce was still pending, Terry moved to Georgia, and, on October 15, 1997, filed a complaint for divorce in the Superior Court of Floyd County. Seeking to have Stephanie served by publication, Terry filed an affidavit which reads as follows: "That the defendant, Stephanie G. Pierce, resides outside the State of Georgia, and her last known address is General Delivery, Kansas." Based on that affidavit, the superior court entered an order directing that Stephanie be served by publication. Two months later, on December 16, 1997, the superior court entered a final judgment and decree awarding Terry a divorce, and finding that the parties do not own any real property, that all personal property had been divided amicably, and that no marital debts are subject to equitable division. Terry told Stephanie about the final decree 31 days later when they met at the Atlanta airport to exchange some belongings. Stephanie subsequently received a copy of the final decree in the mail. Terry had mailed it to her at the Centerview, Missouri marital address, and it was forwarded by the post office.

Thereafter, Stephanie moved to set aside the Georgia divorce decree. In support of her motion, Stephanie submitted an affidavit in which she averred that Terry knew how to contact her attorney in Missouri and her parents in Belle Plaine, Kansas; that, beginning with her separation from Terry, she had the post office forward any mail which was addressed to her at the marital home in Centerview; and that, although she had not heard from him in months, Terry telephoned her in Missouri one week before their meeting at the Atlanta airport. Stephanie also averred that she resides in Missouri and has never lived in Georgia; that she and Terry still own the marital home in Centerview; and that she and Terry still have personal property and marital debts to divide.

Following a hearing, the superior court denied Stephanie's motion to set aside the final decree. We granted her application for a discretionary appeal.

In *Abba Gana v. Abba Gana*, 251 Ga. 340 (304 SE2d 909) (1983), wife filed a petition for divorce and moved the court to order service of process by such means as the court determined would serve justice and the exigencies of the case. In support of her motion for service, wife averred that although she knew of possible locations where husband might be served, including a mailing address in Apapa Lagos, Nigeria, she could not pinpoint his whereabouts and she did not know when he would return to the marital residence in Columbus, Georgia. The court issued an order directing that husband be served by publication, by leaving a copy of the summons and complaint at the marital residence, and by sending a copy to the mailing address in Nigeria. Notice was published in the Columbus *Ledger*, but copies of the summons and complaint were not left at the marital address nor mailed to Nigeria. Husband did not answer the petition and the court granted a divorce, giving wife custody of the parties' children, and awarding her the marital assets. Thereafter, husband moved for a new trial, or in the alternative to set aside the judgment. The court denied husband's motions and this Court reversed, noting, at the outset, that whether a proceeding is in personam or in rem, "due process requires that a chosen method of service be reasonably certain to give actual notice of the pendency of a proceeding to those parties whose liberty or property interests may be adversely affected by the proceeding. [Cits.]" Id. at 343. Going on, the Court observed:

Because notice by publication is a notoriously unreliable means of actually informing interested parties about pending suits, the constitutional prerequisite for allowing such service when the addresses of those parties are unknown is a showing that reasonable diligence has been exercised in attempting to ascertain their whereabouts. [Cits.] In this

regard, each case has its own practicalities and peculiarities, and this court cannot lay down a sweeping rule applicable to all determinations whether reasonable diligence has been exercised. In particular, it must be kept in mind that there may occur situations where a more intensive search or, perhaps, any search is impractical or fruitless. [Cits.] However, it is clear that, at a minimum, the decision whether due diligence has been exercised cannot be left to the movant for publication service. Instead, it is the duty of the courts to determine whether the movant has exercised due diligence in pursuing every reasonably available channel of information. And, although it is the trial court which first passes upon the legality of notice, the appellate courts must independently decide whether under the facts of each case the search for the absentee interested party was legally adequate.

Id. Turning to the question of due diligence, this Court determined that wife was not reasonably diligent in determining husband's whereabouts. After all, the Court noted, wife knew that husband was taking military and private flight training in this country, had assets held in his name, and had non-immigrant status. Based on that information, the Court pointed out that wife could have used numerous sources — the United States military, the private flight school, the Nigerian embassy, banks and brokers, immigration authorities and husband's relatives — to find husband. The fact that wife made no effort to use those potential sources led the Court to conclude that the trial court erred in authorizing service by publication. Id. at 344.

In this case, as in *Abba Gana*, it is clear from the record that the applicant for service by publication had at his disposal several ways to find the movant. He could have contacted Stephanie's Missouri attorney, or her parents; he could have directed mail to the former marital address.[1] Instead, he averred only one thing: that Stephanie's last known address was "General Delivery, Kansas." Based on these facts, we conclude, without hesitation, that Terry did not use reasonably diligent and honest efforts to find Stephanie. Accordingly, service by publication did not meet the constitutional requirements of due process in this case. Id. at 343.

*Judgment reversed. All the Justices concur.*

DECIDED JANUARY 11, 1999.

*Mary I. Dickerson, Vicky O. Kimbrell, Phyllis J. Holmen, Lisa J.*

---

[1] A step he took after the decree of divorce was final.