A99A0859. IN THE INTEREST OF M. J. B., a child.
(520 SE2d 497)

JOHNSON, Chief Judge.

In this appeal, the mother of M. J. B. challenges the termination of her parental rights on the ground that the juvenile court should not have allowed her to be served with process by publication. We find that the court did not err in allowing service by publication and affirm.

The record shows that M. J. B. and his mother tested positive for cocaine at M. J. B.'s birth. Six days later, the child was released from the hospital into the temporary custody of the Fulton County Department of Family & Children Services ("the department"). The mother had no contact with the department while the child was in its custody, and the department did not know the mother's whereabouts.

Ten months after the child was taken into the department's custody, the department petitioned to terminate the parental rights of M. J. B.'s mother.[1] As to the mother, the department alleged parental inability or misconduct based on: the mother and child testing positive for cocaine at the child's birth; the mother's failure to visit the child or contact the department while the child was in the department's custody; the mother's failure to provide any support for the child; the mother's unrehabilitated drug use; the mother's failure to inform the department of her whereabouts; and her failure to show any interest in the child. See OCGA § 15-11-81 (b).

When the department could not locate the mother in order to personally serve her with the summons and process, it requested the court's permission to serve her by publication. In support of its request, the department submitted an affidavit in which the caseworker handling M. J. B.'s case stated that, in her efforts to locate the mother, she searched local telephone directories, called directory assistance, searched state Aid to Families with Dependent Children and food stamp computer records, called "any contact telephone num-

---

[1] The department also petitioned to terminate the father's rights. That petition is not at issue in this appeal and will not be considered.

bers for the mother" in the department's records, and contacted area jails. Despite her efforts, the caseworker was unable to locate the mother. The juvenile court found that the mother's whereabouts were unknown and ordered service by publication. The mother was not present during the termination hearing, though she apparently appeared at the end of the hearing. After the hearing, the juvenile court terminated her parental rights.

1. The mother contends that the juvenile court erred in ordering service by publication when the department failed to show that it made reasonable efforts to serve her personally. Specifically, she complains that the department failed to show that it contacted the maternal grandmother, even though the department knew where the grandmother lived; the mother argues that her mother may have known her whereabouts. We find no grounds for reversal.

A juvenile court may order service of process by publication in a termination proceeding if, after reasonable effort, a party cannot be found and her address cannot be ascertained. OCGA § 15-11-27 (b). See generally *In the Interest of J. B.*, 140 Ga. App. 668, 674 (231 SE2d 821) (1976). In support of its request to serve the mother by publication, the department filed with the court an affidavit showing the efforts undertaken by the department to locate the mother. In addition, the caseworker testified at the hearing that the mother's whereabouts were unknown and that the mother failed to contact the department about the child for the entire period M. J. B. was in the department's custody; by the time of the hearing, M. J. B. had been in the department's custody for more than a year.

We agree with the juvenile court that the department made a reasonable effort to locate the mother. The mother cannot complain that the department failed to make extraordinary efforts to locate her, particularly when she made no effort to contact the department while the child was in its custody. See *In the Interest of T. B. R.*, 224 Ga. App. 470, 478 (3) (480 SE2d 901) (1997).

Contrary to the mother's contention, we cannot presume that because the affidavit does not specifically state that the caseworker contacted the maternal grandmother, the caseworker did not do so. In her affidavit, the caseworker stated that she called "any contact telephone numbers" she had for the mother. Nothing in the record indicates that the grandmother was not one of the persons contacted. On appeal, the burden is on the appellant to show error affirmatively by the record. *In the Interest of J. E. E.*, 228 Ga. App. 831, 833 (1) (493 SE2d 34) (1997); see *In the Interest of R. M. M.*, 232 Ga. App. 553, 555 (2) (502 SE2d 480) (1998). This she has failed to do.

2. In light of the foregoing, the mother's remaining enumeration of error claiming the termination was invalid because service was defective is also without merit.

*Judgment affirmed. Pope, P. J., and Eldridge, J., concur.*

DECIDED JULY 6, 1999 — CERT. APPLIED FOR.

*Christopher J. McFadden*, for appellant.

*Thurbert E. Baker, Attorney General, Dennis R. Dunn, Deputy Attorney General, Shalen A. Sgrosso, Assistant Attorney General, P. Brian Campbell, James W. Blount*, for appellee.