296 Ga. 461
FINAL COPY

S14A1656.  REYNOLDS v. REYNOLDS.

HUNSTEIN, Justice.

We granted the discretionary application of Appellant Dorothy M. Reynolds (Wife) pursuant to Supreme Court Rule 34 in this divorce case.  For the reasons set forth below, we reverse the trial court's order denying Wife's motion to set aside.

Appellee Rex E. Reynolds (Husband), proceeding with counsel, filed a complaint for divorce alleging that Wife was a "non-resident of the State of Georgia, whose last known address is 103 Bradley Circle, Barnesville, Georgia 30204" and that Wife could be served by publication pursuant to OCGA § 9-11-4 (f) (1).  Husband filed an affidavit affirming these facts.  Based on these filings, the court issued an order for service by publication, and service by publication in the local paper was made.  Husband subsequently filed a motion for judgment on the pleadings and served Wife with this motion at her last known address in Barnesville, Georgia.  Thereafter, the court granted Husband's motion for judgment on the pleadings and entered a final judgment and decree of divorce between the parties.

Several months later, Wife, proceeding pro se, filed a verified motion to set aside the final judgment and decree of divorce, contending that Husband did not practice due diligence for service by publication as required by OCGA § 9-11-4 (f) (1) (A); Husband knew at the time he filed his complaint that Wife resided within Georgia; and Husband committed a fraud upon the court by alleging that Wife was a non-resident. Husband, proceeding pro se, filed a response, in which he stated that Wife was located "mostly in Jones County," and her non-resident status in his complaint and affidavit was a "typo." He further questioned how Wife could be deemed a non-resident when her address was in Barnesville, Georgia. Husband's certificate of service accompanying his response shows that he served Wife with his response at 323 Abernathy Street, Forsyth, Georgia, 31029.

Wife replied by filing a motion to suppress many of Husband's statements in his response. She asked the court to strike Husband's statement that her non-resident status was a typographical error because Husband's counsel would not have made such a mistake in filing the complaint, and instead, she contended that Husband had committed a fraud upon the court. Counsel for Husband filed an amended response to Wife's motion to set aside and motion to suppress,

contending that if Wife did not receive notice of Husband's complaint for divorce, it was due to Wife's own negligence and fault.

Wife appeared pro se for a hearing on her motion to set aside and was instructed by the court to seek the assistance of counsel. Wife subsequently appeared with counsel for a hearing on her motion to set aside, but no hearing appears to be have been held. Instead, the court issued an order denying Wife's motion to set aside. This Court then granted Wife's discretionary application to appeal the court's order denying her motion to set aside and directed the parties to address whether the court erred by denying Wife's motion to set aside the divorce decree in regard to Wife's contention that service of the divorce action by publication was improper.

Wife argues that the trial court erred by granting an order for service by publication because Husband's affidavit did not meet the standards for service by publication pursuant to OCGA § 9-11-4 (f) (1) (A). She contends that no service was ever perfected upon her, she did not receive actual knowledge of the divorce action, and she was not present, either in person or through her counsel, for any hearing in the divorce action. She further asserts that the court did not hold a hearing on her motion to set aside.

[W]hether a proceeding is in rem or in personam, due process requires that a chosen method of service be reasonably certain to give actual notice of the pendency of a proceeding to those parties whose liberty or property interests may be adversely affected by the proceeding. Because notice by publication is a notoriously unreliable means of actually informing interested parties about pending suits, the constitutional prerequisite for allowing such service when the addresses of those parties are unknown is a showing that reasonable diligence has been exercised in attempting to ascertain their whereabouts.

Abba Gana v. Abba Gana, 251 Ga. 340, 343 (1) (304 SE2d 909) (1983) (citations omitted). "[I]t is the duty of the courts to determine whether the movant has exercised due diligence in pursuing every reasonably available channel of information." Id. Though the trial court makes this determination initially, this Court must independently review whether the search for the absentee party was legally adequate. Id.

The record shows that there were obvious channels of information available to Husband for locating Wife. Husband knew that Wife was living with her boyfriend. In addition, a few days before the court issued an order requiring service by publication, Wife was charged with criminal damage to Husband's property at an address in Forsyth, Georgia. Wife also contends that there were three individuals, one of which was Wife's daughter, who had contact with both Wife and Husband and was aware of Wife's address. Despite

4

the availability of these potential sources for information, the record does not indicate that Husband made an "honest and well directed effort to use them." Id. We are mindful that "[t]he typical divorce complainant usually knows significant background information about the missing spouse, and therefore usually has many feasible methods of tracking down the absentee." Abba Gana, 251 Ga. at 344. We conclude that Husband could have ascertained Wife's address through reasonably diligent efforts but failed to do so. Therefore, service by publication did not meet the constitutional requirements of due process, and the court erred in denying Wife's motion to set aside.[1] See Pierce v. Pierce, 270 Ga. 416 (511 SE2d 157) (1999) (reversing trial court's denial of the wife's motion to set aside because service by publication did not meet the constitutional requirements of due process); Abba Gana, 251 Ga. at 343-344 (reversing trial court's denial of the husband's motion to set aside upon finding

_____

[1] We note that Husband's contentions in his pro se response to Wife's motion to set aside further indicate that he knew Wife was located in Georgia. However, after the court issued the final judgment and decree of divorce and Wife filed her motion to set aside several months later, it is unclear whether Husband still had retained counsel and counsel was Husband's attorney of record. If so, then Husband's pro se response should not have been considered by the trial court and could not be considered by this Court. See Seagraves v. State, 259 Ga. 36, 39 (376 SE2d 670) (1989) ("a layperson does not have the right to represent himself and also be represented by an attorney"). Regardless, Husband's pro se allegations are not necessary for our analysis here.

that the court erred in authorizing service by publication because the wife had not exercised due diligence in attempting to locate the husband).

In addition, OCGA § 9-11-4 (f) (1) (A) sets forth the requirements for service by publication. Of relevance here, the movant is required to file an affidavit with the court in support of service by publication, when service is based on the absentee party's residence outside of the state and an unknown present address.

> [T]he affiant shall state generally in the affidavit that at a previous time such person resided outside this state in a certain place (naming the place and stating the latest date known to affiant when the party so resided there); that such place is the last place in which the party resided to the knowledge of affiant; that the party no longer resides at the place; that affiant does not know the present place of residence of the party or where the party can be found; and that affiant does not know and has never been informed and has no reason to believe that the party now resides in this state; and, in such case, it shall be presumed that the party still resides and remains outside the state, and the affidavit shall be deemed to be a sufficient showing of due diligence to find the defendant.

OCGA § 9-11-4 (f) (1) (A).

Husband's affidavit in support of service by publication pursuant to this statute was not sufficient. Husband failed to state that Wife resided outside of Georgia at a previous time and in a certain place; that this certain place was the last place where Wife resided to Husband's knowledge; that Wife no longer

6

resided at this place; that he did not know where Wife presently resided or could be found; and that he did not know, had never been informed, and had no reason to believe that Wife now resided in Georgia. See OCGA § 9-11-4 (f) (1) (A). Husband's insufficient affidavit is further proof that he did not exercise due diligence in locating Wife. See id.

Judgment reversed. All the Justices concur.


Decided February 2, 2015.

Domestic relations. Lamar Superior Court. Before Judge Wilson.

Handsford Law, Selinda D. Handsford, for appellant.

The Kendall Law Firm, Martin M. Kendall, for appellee.