**SECOND DIVISION**
**BARNES, P. J.,**
**BOGGS and RICKMAN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**December 13, 2016**

# In the Court of Appeals of Georgia

A16A1713. IN THE INTEREST OF: A. H., P. H., AND J. H.,
CHILDREN (MOTHER).

RICKMAN, JUDGE.

The juvenile court terminated the mother's parental rights to two-year-old A. H., eight-year-old P. H., and six-year-old J. H. after the mother failed to appear at the termination hearing. The mother subsequently filed a motion for new trial and reconsideration. The trial court denied the motion, and the mother filed an application for discretionary appeal, which this Court granted. In her sole enumeration of error, the mother asserts that service by publication was improper because the petitioner did not exercise reasonable diligence to personally serve her with the summons or otherwise provide her notice prior to the termination hearing. Because the record does not demonstrate that the juvenile court ordered service by publication after finding

that the petitioner exercised due diligence in its attempt to personally serve the mother, we reverse the juvenile court's order terminating the mother's parental rights.

"Due process requires notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Taylor v. Padgett*, 300 Ga. App. 314, 316 (1) (684 SE2d 434) (2009) (punctuation omitted). Pursuant to OCGA § 15-11-282 (d), "[i]f, after due diligence, a party to be served with a summons [in a termination of parental rights case] cannot be found and such party's address cannot be ascertained, . . . the court may order service of the summons upon him or her by publication." See *In the Interest of M. J. B.*, 238 Ga. App. 833, 834 (1) (520 SE2d 497) (1999) ("A juvenile court may order service of process by publication in a termination proceeding if, after reasonable effort, a party cannot be found and her address cannot be ascertained.").

"[B]ecause of their sensitive nature and the infringement on fundamental liberties they entail," judges in termination of parental rights cases "must be vigilant to protect the parties' rights and interests by observing all formalities required by the law." *In the Interest of C. I. W.*, 229 Ga. App. 481, 485 (2) (494 SE2d 291) (1997)

2

(reversing termination order where superior court judge acting as juvenile court judge failed to follow procedures in the juvenile code). In addition, it is well-settled that

> [b]ecause notice by publication is a notoriously unreliable means of actually informing interested parties about pending suits, the constitutional prerequisite for allowing such service when the addresses of those parties are unknown is a showing that reasonable diligence has been exercised in attempting to ascertain their whereabouts.

*Pierce v. Pierce*, 270 Ga. 416, 417 (511 SE2d 157) (1999); see also *Abba Gana v. Abba Gana*, 251 Ga. 340, 343 (1) (304 SE2d 909) (1983). "[A]t a minimum, the decision whether due diligence has been exercised cannot be left to the movant for publication service." *Pierce*, 270 Ga. at 418; see also *Coker v. Moemeka*, 311 Ga. App. 105, 107-108 (2) (a) (714 SE2d 642) (2011). Rather,

> it is the duty of the courts to determine whether the movant has exercised due diligence in pursuing every reasonably available channel of information. And, although it is the trial court which first passes upon the legality of notice, the appellate courts must independently decide whether under the facts of each case the search for the absentee interested party was legally adequate.

*Pierce*, 270 Ga. at 418; see also *Reynolds v. Reynolds*, 296 Ga. 461, 463 (769 SE2d 511) (2015).

Due diligence is generally demonstrated by an affidavit. See OCGA § 9-11-4 (f) (1) (A) (authorizing service by publication in "all manner of civil actions" if a

party "cannot, after due diligence, be found within the state, . . . and that fact shall appear, by affidavit, to the satisfaction of the judge or clerk of the court"); see also *Pierce*, 270 Ga. at 416 (husband filed affidavit supporting service by publication and moved for such service in divorce action); *Abba Gana*, 251 Ga. at 340-341 (wife presented sworn testimony that she could not pinpoint husband's current residence and moved court to order service by publication in divorce action); *Coker*, 311 Ga. App. at 107-108 (2) (a) (father filed affidavit supporting service by publication and moved for such service in custody proceeding); *In the Interest of M. J. B.*, 238 Ga. App. at 833-834 (1) (department filed affidavit showing efforts undertaken to locate mother and moved for service by publication in termination proceeding).

Applying these legal principles to the record before us, we find that service of process on the mother failed to comply with the law and, therefore, was insufficient. The mother's notice of appeal indicates that "[t]he clerk shall omit nothing from the record on appeal." However, there is nothing in the record showing that the petitioner requested to serve the mother by publication or filed an affidavit or sworn testimony in support of such service. Nor is there anything in the record indicating that the trial court, prior to service by publication, concluded that the petitioner exercised due diligence in attempting to personally serve the mother, or that the trial court issued

4

an order permitting service by publication. See *Taylor*, 300 Ga. App. at 317-318 (1) (reversing juvenile court order in deprivation proceeding because grandparents "did not file a written motion for service by publication and supporting affidavit as required by statute"). In addition, although the supplemental record in this case includes the "Notice of Summons" which was published, the signature line is blank, and it appears from the termination hearing that neither the juvenile court nor the petitioner's counsel knew that the parents had been served by publication.

The juvenile court concluded during the hearing on the motion for new trial and reconsideration that the mother failed to keep anyone informed of her address and denied the motion on that basis. However, a finding of due diligence at that juncture of the case is not sufficient to authorize the prior service by publication. First, the finding of due diligence must be made prior to permitting service by publication. Second, the focus of the court's due diligence inquiry must be on the petitioner's actions. The court made no finding in that regard.

For the reasons set forth above, we find that the mother was denied due process because, without a motion and affidavit in support of service by publication, and a court order granting service by publication, the mother was not properly served. We,

5

therefore, reverse the juvenile court's order terminating the mother's parental rights. See *Taylor*, 300 Ga. App. at 319 (3).

*Judgment reversed. Barnes, P. J., and Boggs, J. concur.*