**THIRD DIVISION
ELLINGTON, P. J.,
ANDREWS and RICKMAN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**October 31, 2017**

# In the Court of Appeals of Georgia

A17A1277. IN THE INTEREST OF R. C. et al., children.

RICKMAN, Judge.

In this termination of parental rights case, we granted the discretionary appeal application filed by the mother of R. C., who was 7 years old at the time of the termination, and C. C., who was 5 years old at the time of the termination. The mother contends, among other things, that the DeKalb County office of the Georgia Department of Human Services, Division of Family and Children Services ("the Department") improperly served her summons by publication because the Department did not first exercise due diligence to locate her and personally serve her or otherwise give her prior notice of the termination hearing. The mother contends that she was denied due process. We agree and reverse.

On June 25, 2015, complaints were filed in juvenile court, alleging that R. C. and C. C. were deprived because their mother had left them in the custody of their "maternal grandmother."[1] Multiple hearings and bench conferences (some of which were apparently not transcribed or recorded, and many in which various portions were inaudible or unintelligible ) were held in this matter; the mother attended none. At the preliminary protective hearing, there was testimony, some of which came from an "unidentified speaker," that the mother was last seen the week before the hearing, that the mother had come from California with the children about one or two months before the hearing, that the mother had chronic mental health problems and refused to take her medication, and that the mother's whereabouts where unknown. R. C. and C. C. were placed in the legal custody of the Department and in the physical custody of the "grandmother."

At a later hearing that occurred in February 2016, before the termination summons was served by publication in May 2016, a Department representative testified that the mother had been receiving a Social Security or similar check which had stopped going to the "grandmother's" residence about six months earlier. At the

---

[1] Although this individual is referred to as the children's maternal grandmother in transcripts of court proceedings, according to the mother's post-termination affidavit, this individual is not actually biologically related to the children.

2

termination hearing in July 2016, testimony was adduced that the Department had had no contact with the mother during the pendency of the case, that her whereabouts were unknown to the Department, and the mother had not provided any care for the minor children since they had come into the Department's custody. In her petition to set aside the termination order,[2] the mother attached a sworn affidavit and attached proof indicating that in November 2015, she had been issued a Georgia identification card that showed an address at which she had been receiving and continued to receive mail, including from the Social Security Administration. Although the appellate record reflects that summons for the termination hearing was served by publication for the requisite four weeks,[3] the record does not contain any motion for service by publication, affidavit or other sworn testimony of diligence and/or the need for publication, or an order from the court directing service by publication.

Pursuant to OCGA § 15-11-282 (d):

If, after due diligence, a party to be served with a summons cannot be found and such party's address cannot be ascertained, whether he or she

---

[2] We note that the mother was also entitled to a hearing on her motion for new trial. See *In the Interest of A. F.*, _ Ga. App. _ (_ SE2d _) (Case No. A17A1171) (decided October 18, 2017); *Chandler v. Rohner*, 323 Ga. App. 713, 714 (747 SE2d 870) (2013).

[3] See OCGA § 15-11-282 (e) (1).

3

is within or outside this state, the court may order service of the summons upon him or her by publication. The termination of parental rights hearing shall not be earlier than 31 days after the date of the last publication.

Indeed, in *In the Interest of M. J. B.*, 238 Ga. App. 833, 834 (1) (520 SE2d 497) (1999), decided under the former Juvenile Code, this Court held that "[a] juvenile court may order service of process by publication in a termination proceeding *if, after reasonable effort, a party cannot be found and her address cannot be ascertained*." (Emphasis supplied.).

The facts presented in this case are similar to those of *In the Interest of A. H.*, 339 Ga. App. 882 (795 SE2d 188) (2016), in which we reversed an order terminating a mother's parental rights to her children because the record did not reflect that the service requirements of OCGA § 15-11-282 (d) were met. There, as here, the record contained no evidence that the petitioner filed any motion requesting service by publication, that the petitioner filed an affidavit or presented sworn testimony in support of service by publication, that the trial court concluded that the petitioner exercised due diligence in attempting to personally serve the mother, or that the trial

court issued an order permitting service by publication. Id. at 884-885. We held that the mother was denied due process.[4] Id. at 885.

> Because of their sensitive nature and the infringement on fundamental liberties they entail, judges in termination of parental rights cases "must be vigilant to protect the parties' rights and interests by observing all formalities required by the law. In addition, it is well settled that because notice by publication is a notoriously unreliable means of actually informing interested parties about pending suits, the constitutional prerequisite for allowing such service when the addresses of those parties are unknown is a showing that reasonable diligence has been exercised in attempting to ascertain their whereabouts.

(Citations and punctuation omitted.) *In the Interest of A. H.*, 339 Ga. App. at 883. Because the record in this case fails to demonstrate that the summons was served by publication upon order of the court, after having been presented with evidence of due diligence by the Department, and upon motion by the Department, we reverse the juvenile court order terminating the mother's parental rights. See id. at 882-885.

*Judgment reversed. Ellington, P. J., and Andrews, J., concur.*

---

[4] The mother in the instant case asked in her notice of appeal that the clerk omit nothing from the record on appeal.