**FIRST DIVISION**
**BARNES, P. J.,**
**MARKLE and HODGES, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.gov/rules

**May 22, 2026**

# In the Court of Appeals of Georgia

A26A0326. KAZEN v. KAZEN.

MARKLE, Judge.

In this discretionary appeal, wife Song Cha Kazen argues that the trial court erred by denying her motion to set aside the divorce decree under OCGA § 9-11-60(d) because service by publication was insufficient. Because the record does not show that Ronald was diligent in his attempts to locate Song Cha, service by publication was insufficient to satisfy due process, and the trial court should have granted the motion to set aside. Accordingly, we reverse.

We review the denial of a motion to set aside under OCGA § 9-11-60(d) for abuse of discretion. *Baez v. Garcia*, 378 Ga. App. 82, 83 (923 SE2d 712) (2025). "Where it is apparent that a trial court's judgment rests on an erroneous legal theory,

an appellate court cannot affirm. When the issue is a question of law, we owe no deference to the trial court's ruling and apply the plain legal error standard of review." *Walker v. Richmond*, 362 Ga. App. 803, 804 (870 SE2d 229) (2022) (quotation marks omitted).

So viewed, the record shows that Ronald and Song Cha Kazen were married in 1984 in South Korea and ultimately moved to Georgia. In April 2024, Ronald filed a complaint for divorce, asserting that Song Cha's location was unknown. He requested to make service by publication. In the attached affidavit, Ronald's attorney averred that he believed Song Cha was currently in South Korea; that the couple's son would not provide Song Cha's whereabouts; he had contacted the sheriff; and he conducted internet and social media searches, along with a search of a professional investigative database. The trial court granted the motion for service by publication, finding Ronald made diligent attempts to locate Song Cha. Thereafter, the notice appeared in the local paper in compliance with OCGA § 9-11-4(f)(1)(C).

Song Cha did not appear at the subsequent hearing, and the trial court granted the divorce, awarding the marital home, all personal property in the home, the cars,

and the joint bank account to Ronald.[1] Neither party was awarded alimony, and each was to retain bank accounts held in their own names.

About five months later, Song Cha moved to set aside the divorce decree, arguing that Ronald did not act with diligence in trying to locate her to perfect service. Following a hearing, at which both Ronald and Song Cha testified, along with their son and Song Cha's friends, the trial court denied the motion to set aside. The trial court again found that Ronald acted with diligence, but that Song Cha had hidden her location from him. We granted Song Cha's discretionary application, and this appeal followed.

On appeal, Song Cha argues that the trial court erred by granting the divorce in the absence of proper service, and that it abused its discretion when it denied the motion to set aside that order.[2] We agree.

---

[1] The record does not contain a copy of the transcript from the divorce proceeding.

[2] To the extent that Song Cha challenges the underlying divorce decree, we do not review that order. Our jurisdiction is limited to deciding whether the trial court abused its discretion by denying the motion to set aside. *Walker*, 362 Ga. App. at 804 ("On appeal from a trial court's denial of a motion to set aside a judgment under OCGA § 9-11-60(d), this Court is limited to a consideration of only whether the trial court abused its discretion in refusing to set aside the default judgment under the limited statutory criteria." (quotation marks omitted)).

As is relevant here, under OCGA § 9-11-60(d), a party may bring a motion to set aside a judgment due to lack of personal jurisdiction, or fraud, accident, or mistake.[3] OCGA § 9-11-60(d)(1), (2). Where a party seeks to set aside a judgment on the grounds that service by publication should not have been permitted,

> [i]t is the duty of the courts to determine whether the [party seeking service by publication] has exercised due diligence in pursuing every reasonably available channel of information [to locate the defendant]. Though the trial court makes this determination initially, this Court must independently review whether the search for the absentee party was legally adequate.

*Reynolds v. Reynolds*, 296 Ga. 461, 463 (769 SE2d 511) (2015) (citation modified). See also *Abba Gana v. Abba Gana*, 251 Ga. 340, 343(1) (304 SE2d 909) (1983) (reviewing a motion to set aside divorce proceedings for failure to obtain proper service by publication); *Rosser v. Lynn*, 365 Ga. App. 301, 304 (878 SE2d 262) (2022).

"[N]otice is the very bedrock of due process," and statutory service of process requirements are strictly construed. *Scott v. Smith-Denton*, 364 Ga. App. 393, 397(1) (875 SE2d 363) (2022) (citation modified). Georgia statutory law permits service by

---

[3] OCGA § 9-11-60(d) provides other bases for the motion, but it is not relevant here. OCGA § 9-11-60(d)(1), (3).

publication only where a plaintiff, despite the exercise of due diligence, is unable to locate the defendant for personal service.[4] OCGA § 9-11-4(f)(1)(A).[5] See also *Reynolds*, 296 Ga. at 462-63. As our Supreme Court recognized,

> [b]ecause notice by publication is a notoriously unreliable means of actually informing interested parties about pending suits, the constitutional prerequisite for allowing such service when the addresses of those parties are unknown is a showing that reasonable diligence has been exercised in attempting to ascertain their whereabouts.

*Reynolds*, 296 Ga. at 463. See also *Pierce v. Pierce*, 270 Ga. 416, 417 (511 SE2d 157) (1999).

What constitutes due diligence necessarily depends on the specific facts and circumstances of the case. See *Abba Gana*, 251 Ga. at 343 (1) ("[E]ach case has its own practicalities and peculiarities, and this [C]ourt cannot lay down a sweeping rule

---

[4] A divorce proceeding can be either in rem or in personam, but "the distinction between in rem and in personam divorce proceedings ... is inapposite in determining if a party may resort to notice by publication. ... [R]egardless of whether a proceeding is in rem or in personam, due process requires that a chosen method of service be reasonably certain to give actual notice of the pendency of a proceeding to those parties whose liberty or property interests may be adversely affected by the proceeding." *Abba Gana*, 251 Ga. at 342–43(1).

[5] OCGA § 9-11-4(f)(3) provides for service effectuated in foreign countries.

applicable to all determinations whether reasonable diligence has been exercised.''). Nevertheless, service by publication is improper unless the record showed that the plaintiff "pursu[ed] every reasonable available channel of information" to locate the defendant. Id. Generally, when we review whether service by publication satisfied due process, we focus on the evidence of diligence in the record prior to permitting service by publication. See *In the Interest of A. H.*, 339 Ga. App. 882, 885 (795 SE2d 188) (2016). Additionally, we require a heightened level of diligence in a divorce case because spouses typically have significant background information concerning one another that allows for additional avenues of information as to the other's whereabouts. See *Abba Gana*, 251 Ga. at 344(1).

Here, in support of the motion, Ronald submitted only the affidavit of his attorney, who averred that he had reason to believe Song Cha was located in South Korea. The attorney explained that Ronald had attempted to locate Song Cha by speaking with their son, who would not divulge his mother's location; by contacting local police; and performing various general internet and investigative searches.

Based on these facts, we conclude that Ronald failed to exercise the reasonable diligence and "honest effort" necessary to permit service by publication. *Pierce*, 270

6

Ga. at 417; *Abba Gana*, 251 Ga. at 344(1). See also *Reynolds*, 296 Ga. at 463. Ronald knew that Song Cha had family in South Korea, and by the time he filed for divorce, he knew that she had flown there. But, other than asking their son and calling police, Ronald took no steps to try to locate Song Cha in South Korea. See *Pierce*, 270 Ga. at 417 (husband did not act with reasonable diligence in locating his wife for service where he could have contacted her parents or directed mail to the former marital address).

Even if we consider the other evidence in the record from the hearing on the motion to set aside, we would reach the same conclusion. But see *In the Interest of A. H.*, 339 Ga. App. at 885. According to the testimony, when asked about his attempts to locate Song Cha, Ronald admitted he made no attempt to contact Song Cha through e-mail, even though he had the address. *Coker v. Moemeka*, 311 Ga. App. 105, 108(2)(a) (714 SE2d 642) (2011) (although movant did not have physical address, he had a cell phone number, e-mail address, and mailing address that could have been used to communicate with the non-movant, and his failure to use those means demonstrated that he had not exhausted all avenues before seeking service by publication). Additionally, Ronald denied that he and Song Cha were getting a divorce

7

when his son asked. And, according to the son, he would have told Ronald where Song Cha was if he had known about the divorce. Ronald also contacted local police, who informed him that Song Cha was traveling to South Korea.[6] But Ronald never sought law enforcement's assistance in locating Song Cha to effectuate service. *Abba Gana*, 251 Ga. at 344(1) (wife failed to act with reasonable diligence where she could have contacted his relatives, the military, embassy, or immigration authorities to locate husband).

Additionally, Ronald admittedly had access to documents and letters identifying the address of Song Cha's family, which were written in Korean, but he made no attempt to have those letters translated. And there was some evidence that Ronald knew Song Cha's friend from church, and the friend testified that she had Song Cha's information and would have given it to Ronald if he had asked. But rather than speak to his wife's friends, Ronald spoke only to the church's pastor, who did not disclose her whereabouts.

---

[6] Ronald's testimony regarding his conversations with law enforcement, although clearly hearsay, is admissible because Song Cha raised no objection to it. See OCGA § 24-8-802. See also *Forsyth County v. Mommies Properties*, 359 Ga. App. 175, 184(2) (855 SE2d 126) (2021).

These facts show that Ronald did not use "reasonably diligent and honest efforts" to locate his wife. *Pierce*, 270 Ga. at 417. Accordingly, service by publication was not warranted, and the trial court abused its discretion by denying the motion to set aside the divorce decree.

*Judgment reversed. Barnes, P. J., and Hodges, J., concur.*